Chief Judge Desmond.
In the declaratory judgment action to which the first above title applies plaintiffs have attempted to appeal on alleged constitutional grounds (Civ. Prac. Act,
*5 § 588, subd. 1, par. [a]) from a unanimous Appellate Division, Second Department, affirmance of a summary judgment dismissing their suit. The second title above is of an arbitration proceeding wherein Chupka et al., who are the plaintiffs in the other suit, moved unsuccessfully to vacate the award and resulting judgment in an arbitration proceeding to which Chupka et al. were not parties. Lorenz-Schneider Co., Inc., which was the unsuccessful party to the arbitration, was denied leave to appeal to this court. Here, too, the appeal is taken on supposed constitutional grounds from a unanimous Appellate Division affirmance.
Stripped to essentials the question is a narrow one. In 1959 Lorenz-Schneider Co., Inc., was in the business of distributing “ snack products ” in the New York City area, through “ route salesmen ” employees, among whom were the four appellants Chupka, Freely, McNally and Schlosser. A 1959 collective bargaining agreement between Lorenz-Schneider Co., Inc., and respondent International Brotherhood, etc., Union covered the employment of route salesmen. Among other things, it prohibited the employer from making any agreement with any of its employees “ inconsistent or in conflict with ” the pact except that the employer might add to benefits or earnings as circumstances warranted. The employer, however, made an agreement with the four route salesmen (appellants Chupka et al.) by which it sold four of the routes to Chupka and the three others under conditional sales agreements with cash down payments, that agreement reciting that Chupka and the others were no longer to be employees but thenceforth were to be independent contractors, each running one of the routes as his own separate business. The union took the position that such sales to employees were violations of so much of the collective bargaining agreement as forbade the employer’s making any agreement with any employee and forbade the employer’s eliminating a route unless its volume of sales turned out to be uneconomic.
The collective bargaining agreement contained a broad arbitration clause and at the demand of the union an arbitration was had between the union and employer Lorenz-Schneider Co., Inc. The four salesmen who had bought the routes were not parties to the arbitration. The arbitrator held that the sale or attempted sale of the routes was in violation of the collective bargaining *6 agreement and ordered Lorenz-Schneider Co., Inc., to restore the routes to the coverage of the agreement. The four salesmen-purchasers joined Lorenz-Schneider Co., Inc., in a proceeding (second above entitled) to vacate the award. Special Term and the Appellate Division held that the arbitration award was valid as to the employer and that the salesmen-purchasers were without standing in the vacatur proceedings since they were not parties to the arbitration. As above stated we, in May, 1962, denied leave to appeal in the arbitration proceeding, agreeing with the union that the arbitrator acted within his powers in ordering the restoration of the routes, that the salesmen-purchasers were properly held to have no standing in the arbitration proceeding and that their remedy, if any, would have to be by way of a suit for damages against Lorenz-Schneider Co., Inc., which had illegally attempted to sell them the routes. This result was compelled by Matter of Soto (Goldman) (7 N Y 2d 397), a flat holding that, where a union and an employer have an arbitrable controversy under such an agreement, an arbitration award may be vacated only at the instance of one of those two parties, and not by an individual employee. The Soto rationale is simple and clear. Under such a collective bargaining agreement the union represents all the employees as to all covered matters and each individual employee in becoming a beneficiary to the contract gives up to the union, as his representative, his individual right to sue on or litigate as to the contract.
The four salesmen-purchasers argue here, however, that they are being deprived of property rights without due process of law in that their contractual rights as route purchasers are being taken from them in litigations to which they are not parties and as to which they are refused access to the courts. There are two sufficient ansAvers to this. First, as union-member beneficiaries of a collective bargaining agreement they have disabled themselves from asserting in the courts any right to litigate any controversy between the employer and the employees represented by the union. Secondly — and perhaps this is another way of saying the same thing — any agreement which they attempted to make Avith their employer relating to the matters covered by collective bargaining was necessarily subject to the collective bargaining agreement itself.
To say that appellants ceased to be employees and came out from under the collective bargaining agreement when they quit *7 their jobs to become route purchasers is to beg the question. The collective bargaining agreement, as correctly construed by the arbitrator, forbids such dealings by the employer.
The appeals should be dismissed, with costs, on the ground that they present no substantial constitutional question.