■ In the Matter of ROBERT W. CORNELL, Petitioner, v JOHN CAREN, as President of the Ithaca Teachers' Association, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered December 27, 1978 in Tompkins County, which granted in part and dismissed in part petitioner's application, in a proceeding pursuant to CPLR article 75, to vacate an award of an arbitrator settling the petitioner's labor grievance. Subsequent to the petitioner's denial of tenure in March, 1976 by the respondent Board of Education, the Ithaca Teachers' Association (Association), as the exclusive representative of the petitioner's bargaining unit, initiated a grievance procedure on the petitioner's behalf. The collective bargaining agreement contemplates a five-step grievance process with the final step being the submission to arbitration. The Association pursued the grievance through the third stage; postponed the fourth stage for further negotiations; requested a fourth stage hearing when the negotiations failed; successfully overcame a challenge of untimeliness to the fourth stage hearing; and after a determination to proceed to arbitration on the merits, and before arbitration of the dispute, stipulated to a settlement which was embodied in a "consent award" by the arbitrator. This consent award reinstated the petitioner as a probationary teacher for one year and awarded him other benefits. In this CPLR article 75 proceeding, the petitioner opposes the settlement terms and seeks vacatur of the consent award. Special Term granted the petition only to the limited extent of annulling that part of the award which directed that all materials relating to the grievance in the petitioner's file be sealed. In all other respects the petition was denied because the petitioner was not a party to the arbitration and, therefore, lacked standing to attack the award in this article 75 proceeding. CPLR 7511 (subds [a], [b]) provides a judicial procedure for vacatur of an arbitrator's award only on behalf of a party to the arbitration proceeding. The Association herein participated in the grievance procedure on the petitioner's behalf, as the petitioner's exclusive bargaining representative. The petitioner was not named as a party to the arbitration procedures. Accordingly, as Special Term determined, the petitioner lacks standing to attack the consent award made (see *Matter of Soto [Goldman]*, 7 NY2d 397). The provision of the collective bargaining agreement which provides that "an aggrieved party * * * shall have the right at all stages of a grievance to confront and cross-examine all witnesses called against him, to testify and to call witnesses on his own behalf" gives the petitioner the right of participation in the arbitration if it were held. It does not confer on him the status of a party. Furthermore, no decision was made herein which operated to the petitioner's detriment. He was dissatisfied only in the failure of the settlement to grant him tenure. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Mikoll, Casey and Herlihy, JJ., concur.