■ In the Matter of Luis F. Diaz, Respondent, v Pilgrim State Psychiatric Center of the State of New York et al., Appellants. — In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the appeals are from a

judgment of the Supreme Court, Suffolk County (Jones, J.), entered October 19, 1982, which, *inter alia,* granted the petition, vacated the award and ordered the appellants to provide agency level review to the petitioner pursuant to a certain collective bargaining agreement. Judgment reversed, on the law, without costs or disbursements, and petition dismissed, on the merits, without prejudice to the pursuit by petitioner of such other remedies as he may deem advisable. Petitioner was a mental health therapy aide at the Pilgrim State Psychiatric Center, a facility of the New York State Office of Mental Health. He was suspended from his position without pay as a result of charges of alleged patient abuse and received a notice of discipline indicating that the penalty to be assessed would be "TERMINATION FROM STATE SERVICE". Thereafter, petitioner sought assistance from a representative of his local chapter of the respondent Civil Service Employees Association (hereinafter CSEA), in filing a disciplinary grievance pursuant to the collective bargaining agreement in effect between the State and the CSEA. A grievance form was timely filed by the CSEA on behalf of the petitioner with the appropriate representative of the State agency. Petitioner, however, selected the option afforded by the collective bargaining agreement to employees who have been suspended without pay or who have temporarily been reassigned, allowing them to waive the initial stages of the grievance procedure, which include an agency level review, and proceed directly to arbitration. In order to obtain this expedited arbitration hearing, however, the collective bargaining agreement requires the employee to file the grievance form directly with the American Arbitration Association within the time limits for filing the form with the State agency. The grievance form was not filed with the American Arbitration Association within the proper contractual time limits, apparently due to the fact that the representative of his CSEA local was unaware of this requirement. The grievance ultimately went to an arbitration hearing at which petitioner was represented by an attorney provided by the CSEA. The arbitrator issued an award in which he concluded that the grievance was not timely filed in accordance with the collective bargaining agreement and could not be heard on the merits. Petitioner subsequently brought the instant proceeding to vacate the arbitration award on the grounds that (1) the arbitrator "exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter * * * was not made" (CPLR 7511, subd [b], par 1, cl [iii]) and (2) the award was procured by the corruption, fraud or misconduct of a party (CPLR 7511, subd [b], par 1, cl [i]). Special Term, *inter alia,* granted the petition and vacated the award on the ground that, contrary to the conclusion of the arbitrator, the untimeliness of petitioner's filing of the grievance form with the American Arbitration Association did not operate to deprive him altogether of a hearing on the merits of his grievance, but merely made his waiver of the agency level review ineffective and required him to return to that stage of the grievance procedure. Although this court is cognizant of the harsh consequences to petitioner of the arbitration award, Special Term erred when it granted his petition to vacate the award. Pursuant to CPLR 7511, only a party to an arbitration proceeding has the standing to bring a petition to vacate the award (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.08). Petitioner was represented at the arbitration hearing by an attorney provided by the CSEA, and the State and the CSEA were the only official parties to that proceeding, which was conducted pursuant to the collective bargaining agreement. Therefore, petitioner, as an individual employee, lacks standing to bring a proceeding to vacate the arbitrator's award (see *Chupka v Lorenz-Schneider Co.,* 12 NY2d 1, app dsmd 372 US 227; *Matter of Soto [Goldman],* 7 NY2d 397; *Matter of Cornell v Caren,* 76 AD2d 974, app dsmd 53 NY2d 939). Additionally,

although this court might have interpreted the time limitations applicable to the grievance procedure in the parties' collective bargaining agreement in a manner different from the arbitrator, we recognize that courts will only vacate arbitration awards pursuant to CPLR 7511 (subd [b], par 1, cl [iii]) if the arbitrator's construction of the collective bargaining agreement is completely irrational, so that he is, in effect, rewriting the terms of that agreement for the parties (see *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; *Lentine v Fundaro,* 29 NY2d 382, 385; *Matter of Long Is. Univ. Faculty Federation, Local 3998, NYSUT, AFT, AFL-CIO v Board of Trustees of Long Is. Univ.*, 91 AD2d 686, 687; 8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.17). The Court of Appeals concluded in *Rochester City School Dist. v Rochester Teachers Assn.* (*supra,* p 582) that "courts may not set aside an award because they feel that the arbitrator's interpretation disregards the apparent, or even the plain, meaning of the words or resulted from a misapplication of settled legal principles". Thus, courts are reluctant to vacate arbitration awards due to errors of law or fact, as arbitrators are not bound by the same principles as courts of law given their need for flexibility to determine what the parties intended by the language of their agreement and to fashion appropriate relief (see *Matter of Board of Educ. [Hess]*, 49 NY2d 145, 152; *Lentine v Fundaro, supra*). It is clear from the language of the collective bargaining agreement that the parties intended that the arbitrator would be responsible for interpreting the time limitations applicable to the grievance procedure (see *Matter of Dobbs Ferry Union Free School Dist. [Dobbs Ferry United Teachers]*, 74 AD2d 924, affd 53 NY2d 1040). It cannot be said that there is no support in the collective bargaining agreement for the arbitrator's conclusion. Therefore, there are insufficient grounds to vacate the arbitration award. This decision is without prejudice to petitioner pursuing such other remedies as he may deem advisable. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.