OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
While the Appellate Division was in error in holding that the petitioner had no standing to bring a proceeding to vacate the arbitration award, an award may not be vacated unless violative of public policy or wholly irrational. It cannot be said that the arbitrator’s procedural resolution of the issue concerning compliance with the contractual requirement that the demand for arbitration be made within a specified time and manner was irrational.
As to the standing issue, the contract between the parties, the employees, the union and the State specifically allows an employee who is the subject of a disciplinary charge the right to representation at each step of the disciplinary procedure by the union or any attorney selected by an employee or to represent himself or herself. Additionally, the contract entitles the employee to file a grievance, elect to demand arbitration, notify the American Arbitration Association of an unresolved grievance and request the appointment of an arbitrator and the scheduling of a hearing. Thus, this case can be distinguished from Chupka v Lorenz-Schneider Co. (12 NY2d 1), *696 Matter of Soto (Goldman) (7 NY2d 397) and Matter of Cornell v Caren (76 AD2d 974, app dsmd 53 NY2d 939), relied upon by the Appellate Division, in that in those cases the collective bargaining agreements involved did not give the employee the options which he had in this case.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum.