■ In the Matter of Luis F. Diaz, Appellant, v Public Employment Relations Board et al., Respondents.—Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Connor, J.), entered July 25, 1984 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Public Employment Relations Board dismissing petitioner's improper practice charge.

Petitioner was employed as a mental hygiene therapy aide at Pilgrim State Psychiatric Center in Suffolk County. He was discharged from his employment for alleged patient abuse. Petitioner immediately requested that his bargaining representative, respondent Civil Service Employees Association, Inc. (CSEA), file a grievance seeking arbitration regarding his termination as provided for in the collective bargaining agreement between the State and CSEA. CSEA filed the grievance late, and the arbitrator dismissed the grievance as untimely without reaching the merits. Petitioner demanded that CSEA seek vacatur of the arbitrator's decision and CSEA refused to do so. Thereafter, petitioner, through his private attorney, commenced a proceeding in Supreme Court, Suffolk County, against CSEA and the State, pursuant to CPLR article 75, seeking to set aside the arbitrator's decision. Special Term vacated the arbitrator's dismissal of the petition. The court ordered that petitioner be given the agency level review as provided for in the collective bargaining agreement. In a letter dated October 28, 1982, petitioner's attorney demanded that CSEA comply with the order. CSEA, however, appealed Special Term's decision.[1] The Second Department reversed the judgment of Special Term and dismissed the petition to vacate the arbitration award *(Matter of Diaz v Pilgrim State Psychiatric Center,* 95 AD2d 809, 810, *affd* 62 NY2d 693).

The improper practice charge under review herein was brought by petitioner against CSEA after CSEA filed its notice of appeal from the judgment of Special Term. The sole basis for this charge is that CSEA breached its duty of fair representation by refusing to comply with the decision of Special

---

1. The State also appealed and all further proceedings were apparently stayed pending appeal pursuant to CPLR 5519 (a).

Term and instead appealing the decision.[2] This, petitioner asserts, constitutes a violation of the Taylor Act (Civil Service Law § 209-a [2] [a]). Respondent Public Employment Relations Board (PERB) dismissed petitioner's charge, holding, *inter alia,* that "there was a reasonable basis for CSEA's appeal of the decision of the Supreme Court, and as we said in *New York City School District* [15 PERB ¶ 3136], 'the commencement of a lawsuit itself cannot constitute an improper practice' ". Petitioner then sought judicial review pursuant to CPLR article 78. In due course, Special Term confirmed PERB's determination and dismissed the petition. This appeal ensued.

In the determination under review, PERB merely held that CSEA's decision to appeal the earlier decision of Special Term did not constitute an improper labor practice. A review of the record reveals that the above determination was rational and should, therefore, be upheld *(see, Bill Johnson's Rests. v National Labor Relations Bd.,* 461 US 731).

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

2. It is important to note that the improper practice charge in this case has nothing to do with CSEA's failure to timely file the grievance or its refusal to appeal the arbitrator's decision. These acts are both apparently the subjects of a separate improper practice charge.