■ In the Matter of SILVANA ALAVA, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.—In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, the petitioner appeals from an order of the Supreme Court, Queens County (Graci, J.), dated April 23, 1990, which denied her application to vacate the award and granted the cross motion of the respondent to dismiss the petition.

Ordered that the order is affirmed, with costs.

The petitioner was employed by the respondent from April 12, 1982, to June 20, 1988. Part of her job entailed driving a motor vehicle from Astoria, Queens, to the respondent's Arthur Kill power station in Staten Island on Tuesday and Friday of each week to pick up various chemical or oil samples and to then deliver them to an Astoria laboratory for testing. The petitioner's employment was governed by a collective bargaining agreement entered into by the respondent and Local 1-2 of Utility Workers Union of America, AFL-CIO, of which the petitioner was a member.

On June 1, 1988, the petitioner was informed that she had been denied a progression wage increase which had been scheduled to take effect on May 22, 1988. That denial was based on the petitioner's record of absenteeism. On June 20, 1988, the petitioner's employment was terminated on the ground that she had violated the respondent's final warning by performing unsatisfactorily in her job. Specifically, the petitioner had allegedly either failed to make at least six out of seven scheduled Tuesday and Friday pickups at the Arthur Kill power station during May 1988 or neglected to sign in at the gate of the Arthur Kill power station and to report to a supervisor at the station on those days when it is alleged she failed to make a pickup, in direct contravention to her superior's prior instructions.

After her discharge, her union representative notified the respondent of its desire to bring the dispute to arbitration.

After a hearing, the arbitrator found that while the petitioner had wrongfully been denied the May 22, 1988, wage progression increase, she was nevertheless discharged for just and reasonable cause. The petitioner then brought this proceeding to vacate the arbitrator's award. The Supreme Court denied vacatur, and we affirm.

Since the petitioner was a "party" to neither the collective bargaining agreement nor the arbitration, she lacks standing to seek vacatur of the arbitrator's award (see, CPLR 7511; *Chupka v Lorenz-Schneider Co.*, 12 NY2d 1). Moreover, absent provisions in the collective bargaining agreement granting the petitioner specified rights in connection with the arbitration (see, *Matter of Diaz v Pilgrim State Psychiatric Center*, 62 NY2d 693, 695), we cannot conclude that her participation in the arbitration (assisting in preparation of the case and testifying at the arbitration) confers upon her the rights of a "party" (see, CPLR 7511).

In any event, the arbitrator's award may not be vacated since his findings and decision were neither irrational nor against a strong public policy (see, *Matter of Diaz v Pilgrim State Psychiatric Center, supra).* Although the arbitrator found that the petitioner had been unfairly denied a wage increase based upon her alleged absenteeism, *inter alia,* because she had previously been suspended for her absenteeism and could not be punished twice for the same offense, her discharge was grounded, in contrast, on her failure to properly execute certain employment duties.

The arbitrator's failure to execute an affirmation that the recitation of the award was correct at the time the award was made did not render the award fatally defective (see, CPLR 7507). Since the collective bargaining agreement did not provide a time by which the award had to be affirmed, the arbitrator's affirmation, executed less than five months after his award, was sufficient to preserve the award for enforcement (see, *Matter of Kozlowski v Seville Syndicate,* 64 Misc 2d 109). Moreover, the lateness of the affirmation, which is merely a ministerial act which does not affect the validity of the award, neither deprives the court of its power to enforce the award (see, *Abreu v Nationwide Mut. Ins. Co.,* 87 AD2d 572), nor affects any substantial right of the parties on the merits of the controversy (see, *Abreu v Nationwide Mut. Ins. Co., supra; Matter of Verly Bldg. Corp. [Gertner],* 264 App Div 885). Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.