■ GLORIA SAMPSON, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [594 NYS2d 264] — Judgment (denominated an order), Supreme Court, New York County (Stanley Sklar, J.), entered December 13, 1991, which dismissed the petition seeking an "injury in the line of duty" status and vacatur of an arbitration award, and granted respondents' cross motion to dismiss the petition and confirm the award, unanimously affirmed, without costs.

Petitioner, a teacher who was injured while rearranging classroom furniture, was denied "injury in the line of duty" status after arbitration had in accordance with the collective bargaining agreement. As petitioner was represented by the United Federation of Teachers at arbitration, she has no standing to seek a vacatur of the arbitration award (Matter of Diaz v Pilgrim State Psychiatric Ctr., 95 AD2d 809, 810, affd 62 NY2d 693).

Moreover, petitioner's contention that, inter alia, the arbitration award should be vacated because the arbitrator failed to consider material evidence and because he exceeded his authority by deciding matters not before him, is without merit. The union representative presented, inter alia, the petitioner's eligibility for the requested status. It is apparent that the arbitrator considered but did not credit petitioner's assertion that it was customary for the custodian to leave the classroom furniture out of place and for the teacher to arrange it because the teacher admitted that she never requested the custodian's assistance. Therefore, there would, in any event, be no basis to vacate the award which has a rational basis (Matter of Local Div. 1179 [Green Bus Lines], 50 NY2d 1007). Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.