■ In the Matter of the Arbitration between BUFFALO BOARD OF EDUCATION, Respondent, and AFSCME LOCAL 264, Intervenor-Respondent, and PROFESSIONAL, CLERICAL AND TECHNICAL EMPLOYEES ASSOCIATION, Appellant. [706 NYS2d 791] —Order unanimously reversed on the law without costs, motion denied, application denied, cross application granted and award confirmed. Memorandum: Supreme Court erred in granting the motion of AFSCME Local 264 (Local 264) to intervene in this special proceeding. Petitioner, Buffalo Board of Education (Board), seeks to vacate an arbitration award resulting from arbitration between the Board and respondent, Professional, Clerical and Technical Employees Association (PCTEA), which cross-petitioned to confirm the award. Both bargaining units, Local 264 and PCTEA, represent employees of the Board. Although the rights of the employees represented by Local 264 are adversely affected by the arbitration award, Local 264 was not a party to the collective bargaining agreement at issue or the arbitration (see generally, CPLR 7501, 7511 [a], [b] [1]). Therefore, we conclude that Local 264 is not entitled to intervene herein (see, Matter of Union Carbide Corp. [Local 8-215 of Oil, Chem. & Atomic Workers Intl. Union], 168 AD2d 967; cf., Matter of Diaz v Pilgrim State Psychiatric Ctr., 62 NY2d 693, 695).

The arbitrator determined that the Board violated the collective bargaining agreement, past practice and the holding of Matter of Professional, Clerical & Tech. Empls. Assn. (Buffalo Bd. of Educ.) (90 NY2d 364) by appointing a member of Local 264 to a promotional position when a member of PCTEA was among the top three candidates (see, Civil Service Law § 61). The award directed the Board to appoint the member of the PCTEA with back pay. The court erred in vacating the award. Although the award adversely affected members of Local 264, we conclude that no strong public policy was violated. "[N]o strong public policy prohibits an appointing authority from agreeing through collective negotiations to give promotional preference to certain members of an eligible list where a probationary period precedes their permanent appointment" (Matter of Professional, Clerical & Tech. Empls. Assn. [Buffalo Bd. of Educ.], supra, at 369). The fact that, in Matter of Professional, Clerical & Tech. Empls. Assn. (Buffalo Bd. of Educ.), the top three candidates were members of PCTEA, and in this case, two of the top three candidates were members of Local 264, does not compel a different result. Contrary to the Board's

contention, the award does not violate the rights of members of Local 264 under New York Constitution, article I, § 17 and article V, § 6. Article I, § 17 provides that employees shall have the right to organize and bargain collectively through representatives of their own choosing. Article V, § 6 provides that appointments and promotions to civil service positions shall be made according to merit as "ascertained, as far as practicable, by examination". Although a member of Local 264 had the highest score on the examination and was therefore first on the list, the New York Constitution does not require that the top candidate be selected. Civil Service Law § 61 (1) provides that the appointment be made by selecting one of the top three candidates from the eligible list. Therefore, the award does not automatically bar members of Local 264 from promotional positions for which a member of PCTEA might be considered because a PCTEA member may not be one of the top three candidates (see, Civil Service Law § 61 [1]) and the appointment does not become permanent until the expiration of a 60-day probationary period, and thus the Board has the "opportunity to assess other character traits that may have been unmeasurable by the competitive examination" (*Matter of Professional, Clerical & Tech. Empls. Assn. [Buffalo Bd. of Educ.], supra,* at 377). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Arbitration.) Present—Green, A. P. J., Hurlbutt, Scudder and Lawton, JJ.