◼ In the Matter of the Arbitration between JOHN J. CULKIN, Appellant, and THE STATE OF NEW YORK et al., Respondents. [783 NYS2d 885]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered January 3, 2003 in Albany County, which, in a proceeding pursuant to CPLR 7510 to confirm an arbitration award, dismissed the petition for lack of standing.

Petitioner, an employee of respondent State Insurance Fund, was issued five notices of discipline charging him with various counts of misconduct. In response, petitioner's union filed grievances on his behalf, which were ultimately consolidated and referred to arbitration. Following a hearing, the arbitrator issued an interim opinion and award ruling that petitioner's suspension was without probable cause. Petitioner thereafter commenced this proceeding to confirm the arbitrator's award. Following service of respondents' answer, Supreme Court dismissed the petition for lack of standing. This appeal ensued.

Petitioner argues that because the collective bargaining agreement afforded him the right of self-representation, he has standing to maintain the instant proceeding. We disagree. Notwithstanding this provision of the collective bargaining agreement, the record reveals that petitioner was, in fact, represented by the union at the arbitration proceeding and, therefore, the union is the real party in interest. In view of this, petitioner lacked standing to maintain the instant proceeding to confirm the arbitration award (*see Matter of Moreira-Brown v New York City Bd. of Educ.*, 288 AD2d 21 [2001]; *see also Delgado v New York City Bd. of Educ.*, 272 AD2d 207 [2000], *lv denied* 95 NY2d 768 [2000], *cert denied* 532 US 982 [2001]; *Sampson v Board of*

*Educ. of City of N.Y.*, 191 AD2d 283, 283 [1993]), and Supreme Court properly dismissed the petition on this basis.\*

Peters, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

\* *Matter of Escalera v County of Westchester* (299 AD2d 548 [2002]) is factually distinguishable in that the petitioner there actively participated in the grievance process and served a notice of grievance and referral to arbitration upon the employer. Moreover, the parties stipulated that the petitioner's union be deemed a copetitioner.