Miraglia v New York City Dept. of Educ. (2024 NY Slip Op 51314(U))

[*1]

Miraglia v New York City Dept. of Educ.

2024 NY Slip Op 51314(U)

Decided on September 20, 2024

Supreme Court, Richmond County

Ozzi, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 20, 2024
Supreme Court, Richmond County

Toniann Miraglia, ANASTASIA CHRISTOPOLOUS, ANDREA JACKSON, ANDREA TICHIO, ANNETTE BACKOF, BENEDICT LOPARRINO, BERNADETTE CENTRONE, BETZIADA CRUZ, BRIANNA PEREZ, CAROLA MARTINEZ VAN-BOKKEM, CHRISTOPHER HANSEN, DEBBY HARTZ, DEBORAH ROTHSCHILD, DIANE PAGEN, DIANNE BAKER-PACIUS, DINA HUSSIEN, DORCA GENOA, ELENI GERASIMOU, ELIZABETH FIGUREOA, FELICIA HAGAN, HERENDYRA PEREYRA, JANELLE LOTITO, JESSICA NARCISO, JOAN GIAMMARINO, JULIA MAVIS, KELLY DIXON, KERRY BEN-JACOB, LAURA SALAMONE, LORRAINE MASCIARELLI, LYNN PEPE, MARGHERITA DEBONIS, MARIA KLAPAKIS, MARIANNA CIACCIA-LISS, MARIE MOSELY, MARITZA ROMERO, MEAGAN VELEZ, MICHELLE MARTINO, MONIQUE MOORE, NICOLE BROECKER, RAFAEL ADRIAN TORO, ROSA ABREU, ROSANN PERRY, ROSEANNA SILVESTRI, SALLY MUSSAFI, SERINA MENDEZ, STELLA MITCHELL-PORTO, STEPHANIE EDMONDS, TARA PALLADINO, VICTORIA RUSSO, YADITZA RODGRIGUEZ, YVONNE COSTELLO, Petitioners,

against
New York City Department of Education, CITY OF NEW YORK, COUNCIL OF SUPERVISORS AND ADMINISTRATORS, UNITED FEDERATION OF TEACHERS, LOCAL 2, AMERICAN FEDERATION OF TEACHERS AFL-CIO, Respondents.

Index No. 85062/2024

PETITIONERS:
AUSTIN R GRAFF
THE SCHER LAW FIRM, LLP
Address: 600 Old Country Road, Suite 440
Garden City, NY 11530
Phone: 516-746-5040
City of NY / DOE
KATHLEEN MAURA LINNANE
CORPORATION COUNSEL OF THE CITY OF NEW YORK
100 Church St Rm 2-125,
New York, NY 10007
Phone: (212) 356-2467
UFT Local 2; American Federation of Teachers, AFL-CIO
RIANA VIGLIOTTI
NYSUT
120 Broadway Ste 1360,
New York, NY 10271
Phone: (518) 617-0253
Counsel of Supervisors and Administrators
ALAN MARK KLINGER
Steptoe
1114 Avenue Of The Americas,
New York, NY 10036
Phone: 212-506-3900

Wayne Ozzi, J.

The following e-filed documents listed by NYSCEF as (Motion 001) document numbers 1-23, 26-30; and (Motion 002) document numbers 35-37, 53-56, 62, 74-78; and (Motion 003) document numbers 38-46, 57, 61, 79; and (Motion 004) document numbers 48-52, 58-60, 63-73. 
Based upon the foregoing, Respondents' cross-motions are granted in their entirety and Petitioners' Petition is dismissed.
FACTUAL AND PROCEDURAL BACKGROUND
All Respondents move for an Order pursuant to CPLR §§ 3211[a][2], [a][5], and [a][7] dismissing the Verified Petition on the grounds that [1] Petitioners' Article 75 claim seeking to vacate the arbitration award issued by Arbitrator Martin Scheinmen on September 10, 2021 (the "Award") is time barred because they failed to commence this preceding within the 90-day statute of limitations set forth in CPLR §7511; (2) Petitioners, as individual UFT and CSA members, lack standing to vacate the Award under CPLR §7511, and (3) Petitioners fail to state a claim under CPLR §7511 to vacate the Award.[FN1]

The 50 named Petitioners in the Verified Petition (collectively "Petitioners"), filed on March 15, 2024, are employees of the New York City Department of Education ("NYC DOE") and are members of various unions named as Union Respondents. Named Respondents are the NYC DOE, the City of New York (collectively "NYC DOE"); the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO (collectively "UFT"); and Council of Supervisors and Administrators ("CSA").[FN2]

Respondents NYC DOE implemented and enforced a COVID-19 vaccination mandate (the "Vaccine Mandate") issued pursuant to an Order from the New York City Commissioner of Health and Mental Hygiene on August 24, 2021 ("COH Order"), requiring that all NY DOE employees receive at least a first dose of a COVID-19 vaccination by September 27, 2021, to work at NYC DOE schools.
The UFT engaged in bargaining with the NYC DOE over the impact and implementation of the Vaccine Mandate. On September 1, 2021, the UFT filed a Declaration of Impasse with the Public Employment Relations Board ("PERB"), which appointed Arbitrator Martin Scheinman to mediate. On September 10, 2021, after expedited mediation followed by voluntary binding arbitration between the UFT and NYC DOE, Arbitrator Scheinman issued a decision ("Impact Arbitration Award"), establishing: (1) a provision for Vaccine Mandate exemptions and accommodation requests; (2) options for NYC DOE employees to voluntarily separate from service with certain benefits or extend leave without pay ("LWOP") available for employees who did not comply with the COH Order; and (3) that the NYC DOE could unilaterally separate employees who had not complied with the COH Order or did not have an approved exemption or accommodation or had not either opted for separation or to extend their LWOP pursuant to the provisions set forth in the Impact Arbitration Award. 
Simultaneously, and separately, CSA engaged in negotiations with NYC DOE regarding pay and personnel policies applicable to its members. These negotiations also went to voluntary binding arbitration, before the same arbitrator, and produced their own award on September 15, 2021, which mirrored the September 10, 2021 decision. The Court will refer both decisions together as the Scheinman Award.
On November 17, 2021, a group of 93 NYC DOE employees filed suit against the NYC DOE, the UFT, the CSA, and related individuals alleging the Vaccine Mandate violated their federal due process rights (Broecker, et al. v New York City Dep't of Educ., No. 21-cv-06387 [EDNY]). After denying two requests for preliminary injunctions, the defendants moved to dismiss the action, arguing that the plaintiffs lacked standing to challenge the Scheinman Award, and that the Scheinman Award was valid as a matter of law. The District Court granted dismissal of the action (Broecker v New York City Dep't of Educ., 2023 US Dist. LEXIS 55541 [EDNY]), the Second Circuit later affirmed (Broecker v New York City Dep't of Educ., 2023 US App. LEXIS 30076 [2d Cir. NY, Nov. 13,2023]).

 DISCUSSION
The Court observes that Appellate Division, First Department decided the very issues raised here in Matter of O'Reilly v Bd. of Educ. of the City Sch. Dist. of the City of NY (213 AD3d 560 [1st Dept 2023]). In that case, the First Department observed that:
We are asked on this appeal to decide whether tenured public school teachers are bound by the results of an arbitration initiated by their union, the United Federation of Teachers (UFT), pursuant to Civil Service Law §209 to resolve an impasse over the implementation of the COVID-19 vaccine mandate. The September 10, 2021 Impact Award, which petitioners challenge in this hybrid article 75/article 78 proceeding, established a procedure for handling requests for religious and medical exemptions. The [*2]article 75 claims were properly dismissed, as petitioners lack standing to challenge the Impact Award and failed to join UFT as a necessary party.
Id. at 561.
The First Department's decision also rejected other arguments raised by the Petitioners in this proceeding, including that Petitioners have standing to challenge whether the arbitrator exceeded his power or that the award violates public policy (id. at 565-66).
Petitioners Lack Standing
In their Verified Petition, the UFT and CSA Petitioners, who are individual teachers/administrators and who were not parties to the impasse arbitration, seek to vacate the Scheinman Award pursuant to Article 75. However, it is well settled that when a union represents employees during arbitration, only that union, and not the individual employees, may seek to vacate the resulting award (Alava v Consol. Edison Co., 183 AD2d 713 [2d Dept 1992]; Chupka v Lorenz-Schneider Co., 12 NY2d 1 [1962]). 
In Matter of O'Reilly (213 AD3d 560), the First Department rejected an identical claim brought by individual UFT members seeking to vacate the Scheinman Award, holding that "when a union represents employees during arbitration, only that union—not individual employees—may seek to vacate the resulting award" (id. at 565). Additionally, the Court in O'Reilly held that "the arbitrator's award did not arise from the terms of the existing CBA or from provisions of the Education Law governing disciplinary proceedings but was instead based on the Civil Service Law. Accordingly, petitioners, who were not parties to the arbitration, cannot challenge the Impact Award because they cannot show that the arbitrator 'exceeded his power'" (id.).
Here, the UFT and CSA Petitioners did not participate in the arbitration that resulted in the Scheinman Award. Accordingly, the UFT and CSA Petitioners lack standing to vacate the Scheinman Award.
Petition is Untimely
Even if the Petitioners have standing, which they do not, the Petition is untimely. CPLR §7511[a] provides that "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." The Scheinman Award is dated September 10, 2021 and September 15, 2021. While the Petition failed to allege when the Petitioners received the Scheinman Award, all but four of the UFT Petitioners in this action were plaintiffs in the Broecker litigation, which referenced the Scheinman Award in the Amended Complaint. The Amended Complaint in the Broecker litigation, referenced the Scheinman Award, was filed on January 10, 2022. Thus, it is reasonable to conclude that the Petitioners herein received the Scheinman Award no later than January 10, 2022, more than two and a half years ago. 
Contrary to the Petitioners' unified position, CPLR §205[a] does not cure the UFT Petitioners' untimely filing of this action. CPLR §205[a], titled, "New action by plaintiff," provides in pertinent part:
If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination.
Here, the Petitioners seek to take advantage of CPLR §205[a] savings clause by arguing that they "have six months from the [Second Circuit's] December 26, 2023 Amended Summary Order to commence a new action upon the same transaction or occurrence after the Second Circuit terminated the Broecker Action" (Verified Petition ¶453). 
Four of the Petitioners in this matter were not named plaintiffs in the Broecker litigation. Accordingly, they cannot take advantage of CPLR §205[a], which "applies only where the second action is brought by the same plaintiff" or an estate representative (ACE Sec. Corp. v DB Structured Prods., Inc., 38 NY3d 643, 652 [2022]).
The remaining Petitioners cannot benefit from CPLR §205[a] because the Broecker action was dismissed with a final judgment on the merits (Broecker v New York City Dep't of Educ., 2023 US Dist. LEXIS 55541 [EDNY]). CPLR §205[a] expressly excludes the availability of the toll where the first action was dismissed by "a final judgment upon the merits." As the Court of Appeals made clear, CPLR §205[a] is inapplicable where the prior action was dismissed on the merits is essentially a corollary of the principle of res judicata that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 93 NY2d 375, 380 [1999], quoting O'Brien v Syracuse, 54 NY2d 353 [1981]). In Broecker, the District Court, as affirmed, unequivocally stated that "Plaintiffs' complaint is, therefore, dismissed with prejudice (Broecker v New York City Dep't of Educ., 2023 US Dist. LEXIS 55541, at *40 [EDNY]).
Lack of Grounds to Vacate the Scheinman Award
Assuming, arguendo, that Petitioners have standing and their Petition is timely, the Petition must still be dismissed as there are no grounds on which to vacate the Scheinman Award. Petitioners allege that the Scheinman Award "violated NY Civil Service Law §209.3[f]" because the NYC DOE and the UFT and CSA did not resolve the impasse through negotiations, and should, therefore, be vacated. Petitioners argue that §209.3[f] of the Taylor Law does not authorize binding arbitration to resolve impasses in negotiations between a school district and its public employees' union. In reality, NY Civil Service Law §209.3[f] provides that the PERB may not force the NYC DOE into compulsory arbitration, unlike its power to do so for police officers, firefighters, and other public safety employees (NY Civil Service Law §209.4). NY Civil Service Law §209.3[f] does not limit the UFT's or CSA's ability to agree to arbitrate an impasse with the NYC DOE (Broecker v. N.Y.C. Dep't of Educ., No. 23-655, 2023 U.S. App. LEXIS 30076, at *7 (2d Cir. Nov. 13, 2023) ("section 209.3(f) says nothing about whether unions and school districts may agree to enter arbitration").
The UFT and CSA agreed to binding arbitration with the NYC DOE to resolve the impasse, as permitted by the Taylor Law. Thus, Petitioners' position that the Scheinman Award is invalid or void because the UFT and CSA and NYC DOE agreed to arbitrate their dispute fails as a matter of law.
Petitioners further assert that because arbitration is prohibited by law, Arbitrator Scheinman exceeded his authority in issuing the Scheinman Award. This argument fails as the Appellate Division, First Department in Matter of O'Reilly (213 AD3d 560) already determined that "petitioners, who were not parties to the arbitration cannot challenge the Impact Award because they cannot show that the arbitrator 'exceeded his power'" (id. at 565).

 CONCLUSION
Petitioners were also ably represented by their union in the mediation and arbitration that [*3]arose from the Vaccine Mandate. Moreover, Petitioners do not identify any triable issues of fact that could be raised in a hearing that have not already been decided by the Scheinman Award (Matter of O'Reilly, 213 AD3d 560; Naliboff v Davis, 133 AD2d 632 [2d Dept 1987]).
In this Court's view, the O'Reilly decision compels the Court to grant Respondents' cross-motions to dismiss as they address seemingly every single argument raised by Petitioners. This is not a proceeding in which the Petitioners ask this Court to consider the denial of their individual requests for accommodations. Rather, Petitioners challenge the arbitral award itself and the First Department held that Petitioners lack standing to do so.
Accordingly, it is hereby
ORDERED, that Respondents' cross-motions are granted in their entirety; and it is further
ORDERED, that Petitioners' Petition is denied, and it is further
ADJUDGED, that this proceeding is dismissed and the Clerk is directed to enter judgment accordingly along with costs and disbursements upon proper presentation of proper papers therefor.
This constitutes the Decision, Order and Judgment of the Court.
ENTER,
Dated: September 20, 2024
Hon. Wayne Ozzi, J.S.C.

Footnotes

Footnote 1:Respondents moved for dismissal on various additional grounds that this Court finds moot in light of its determination to grant dismissal on the three mutually asserted grounds.
Footnote 2:Stella Mitchell-Porto is the only former CSA member petitioner. She asserts two claims against CSA: (1) that the Scheinman Award is invalid; and (2) that CSA breached its duty of fair representation in agreeing to arbitrate over the mandate's implementation and subsequently failing to challenge the resulting Scheinman Award.