Matter of Brockway (County of Onondaga) (2024 NY Slip Op 05745)

Matter of Brockway (County of Onondaga)

2024 NY Slip Op 05745

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

819 CA 23-01882

[*1]ADAM BROCKWAY, ET AL., PETITIONERS-APPELLANTS, AND COUNTY OF ONONDAGA, RESPONDENT-RESPONDENT.

THE TUTTLE LAW FIRM, CLIFTON PARK (JAMES B. TUTTLE OF COUNSEL), FOR PETITIONERS-APPELLANTS. 
ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (MICHELLE K. DEKAY OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Onondaga County (Danielle M. Fogel, J.), entered October 2, 2023. The order dismissed the petition to modify an arbitration award. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners are individual members of Corrections Unit 7800-09 (Corrections Unit), a collective bargaining unit consisting of persons employed in certain titles by the Onondaga County Sheriff's Department. Prior to January 30, 2019, the Corrections Unit was a part of the much larger bargaining unit, known as the Onondaga Local 834 of Civil Service Employees Association, Inc. (CSEA), which included virtually all employees of respondent County of Onondaga (County). In early 2020 and in response to the COVID-19 pandemic, the County closed its offices and facilities in whole or in part and instituted a series of measurements to address the emergency situation. The County required some County employees, however, to continue to work because they were deemed essential to County operations. Thereafter, the CSEA filed a grievance seeking additional compensation for covered employees who were required to report to work at County operations during emergency conditions, upon allegations that the employees were entitled to such compensation pursuant to a provision in the collective bargaining agreement between the CSEA and the County (CBA). The CSEA and the County, however, had entered into a Memorandum of Agreement (MOA) during the pandemic providing that employees would receive the "salary and/or regular daily wage or base rate of employees in the CSEA Bargaining Unit(s) through March 31, 2020 due to COVID 19, if employees in the CSEA Bargaining Unit(s) [were] scheduled to work or stand by from home by the County." The MOA further provided that it superseded all language in the CBA "as it relates to employee compensation and work assignments through March 31, 2020." After the CSEA and the County were unable to resolve the grievance, a demand for arbitration was filed by the CSEA. After a hearing, the arbitrator denied the grievance, finding, in relevant part, that the MOA superseded the relevant provision in the CBA. Petitioners assert that the CSEA's counsel's office advised the Corrections Unit that the County considered the arbitrator's award to apply to the Corrections Unit as well as the larger CSEA.
Petitioners thereafter brought the instant petition against the County, seeking an order modifying the arbitrator's award so that it provides that the award has no effect on the Corrections Unit or the collective bargaining agreement between the Corrections Unit and the County. Petitioners allege that, although the CSEA and the Corrections Unit have common representation through the CSEA's counsel's office, they are separate bargaining units with separate collective bargaining interests and separate collective bargaining agreements. [*2]Moreover, petitioners allege that the Corrections Unit was never asked to accept, nor did it sign off on, the MOA, and that the Corrections Unit did not authorize the CSEA to act on its behalf in the grievance. Supreme Court determined that petitioners did not have standing and dismissed the petition. We affirm.
CPLR 7511 (a) provides that "[a]n application to vacate or modify an [arbitrator's] award may be made by a party within ninety days after its delivery to him" (emphasis added). Further, when an arbitration results from a procedure outlined in a collective bargaining agreement, only those who are parties to the collective bargaining agreement can seek to vacate the arbitrator's award, unless the collective bargaining agreement grants those rights to a third party (see Matter of Alava v Consolidated Edison Co. of N.Y., 183 AD2d 713, 714 [2d Dept 1992]; see also Matter of City of Syracuse [Lee], 163 AD3d 1394, 1397 [4th Dept 2018]; see generally Matter of Wilson v Board of Educ. of City of N.Y., 261 AD2d 409, 409 [2d Dept 1999]).
Here, the CSEA brought the grievance on behalf of County employees covered by the CBA. The CBA provides that an employee may submit their own grievance to the County, however, it permits only the CSEA to submit a class action grievance. The CBA further provides that the CSEA may request arbitration with respect to a grievance, but no provision in the CBA permits an employee to request arbitration, nor is there a provision that makes the employees a party to the collective bargaining agreement (see generally Matter of Case v Monroe Community Coll., 89 NY2d 438, 442-443 [1997]; Matter of Diaz v Pilgrim State Psychiatric Ctr. of State of N.Y., 62 NY2d 693, 695 [1984]). Additionally, neither petitioners nor the Corrections Unit participated in the arbitration and nothing in the record suggests that the Corrections Union instructed the CSEA to act on its behalf. Thus, we conclude that petitioners were not parties to the arbitration, and therefore they do not have standing to petition to modify the arbitrator's award (see generally CPLR 7511 [a]; Matter of Widrick [Carpinelli], 155 AD3d 1564, 1564 [4th Dept 2017], affd 32
NY3d 975 [2018]; County of Westchester v Mahoney, 56 NY2d 756, 758 [1982]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court