John P. McCluskey et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Transportation et al., Respondents.

Argued February 28, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt and DiSalle.

*Laurance B. Seaman*, for petitioners.

*Lee Strickler*, Assistant Attorney General, and *Richard Kirshner*, with them *Neal Goldstein*, and *Markowitz & Kirschner*, for respondents.

OPINION BY JUDGE BLATT, September 15, 1978:

John P. McCluskey and several other furloughed employees (Appellants) of the Pennsylvania Department of Transportation (PennDOT) appeal here from an Arbitrator's order and award.

On March 17, 1976, PennDOT furloughed certain full-time employees. On March 31, certain additional employees, including the Appellants herein, were similarly furloughed. All employees furloughed, including the Appellants were members of the certified bargaining agent, the American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME). As a result of the furloughs, grievances were filed by AFSCME on behalf of the employees who had been furloughed on March 17, 1976, while none was filed by or on behalf of the Appellants. These grievances alleged that the Commonwealth's computation of seniority for furlough purposes had been improper and violative of the Collective Bargaining Agreement (Agreement) between the Commonwealth and AFSCME. Following a hearing, the Arbitrator held that the Commonwealth had violated the Agreement and directed the Commonwealth to recompute the seniority rights appropriately and further ordered that the "[g]rievants who have been improperly furloughed shall be reinstated to their jobs and made whole for all lost wages." Subsequent to this award, both the Commonwealth and AFSCME requested the Arbitrator to clarify his order with respect to whether or not the award included employees who had not initially filed grievances, and he determined that the

original award should be applied to all employees and not merely to the grievants. Neither AFSCME nor the Commonwealth sought review of the Arbitrator's award, but the Appellants filed a Petition for Review of the award in this Court. Both AFSCME and the Commonwealth filed Motions to Quash the Petition asserting, *inter alia,* that the Appellants lacked standing to appeal, and the Appellants have filed an Answer to the Motion which has now been consolidated with the Petition for Review on the merits of the Arbitrator's award.

In support of their Motion to Quash, AFSCME and the Commonwealth cite the Agreement between them which provides that "the employe or union representative" may file and process a grievance at Steps I, II, III and IV of the grievance procedure.[1]

---

[1] Article XXVIII

Section 2. Any grievance or dispute which may arise concerning the application, meaning or interpretation of this Agreement shall be settled in the following manner:

Step I. The employe, either alone or accompanied by the Union representative, or the Union where entitled, shall present the grievance orally or in writing to his immediate supervisor within 12 days of the date of its occurrence, or when the employe knew or by reasonable diligence should have known of its occurrence. The supervisor shall attempt to resolve the matter and report his decision to the employe, orally or in writing, within seven days of its presentation.

Step II. In the event the grievance is not settled at Step I, the appeal must be presented in writing by the employe or Union representative to the head of his division, bureau, institution, or equivalent organizational unit within seven days after the supervisor's response is due. The official receiving the written appeal, or his designated representative, shall respond in writing to the employe and the Union representative within seven days after receipt of the appeal.

Step III. An appeal from an unfavorable decision at Step II shall be presented by the employe or Union repre-

The Agreement also provides that:

Article XXXVII Section 3. An employe shall be permitted to have a representative of the Union present at each step of the grievance procedure up to and including Step IV subject however to Section 606, Article VI of the Public Employe Relations Act.

Section 606 of the Public Employe Relations Act,[2] (Act 195), 43 P.S. §1101.606 provides:

§1101.606 Exclusive representation; exceptions

Representatives selected by public employes in a unit appropriate for collective bargaining purposes shall be the exclusive representative

sentative to the agency head, or in the case of the Auditor General and State Treasurer to the labor relations coordinator or labor relations officer, or in the case of the Public School Building Authority and Pennsylvania Higher Education Assistance Agency to the Executive Deputy Director, within seven days after the response from Step II is due. The agency head, labor relations coordinator or labor relations officer shall respond in writing to the employe and Union representative within seven days after receipt of the appeal.

Step IV. In the event the grievance has not been satisfactoriliy resolved in Step III, written appeal may be made by the employe or Union Representative within seven days of the Step III decision to the Secretary of Administration, or the Auditor General or the State Treasurer, or the Executive Director of the State Public School Building Authority, or the Pennsylvania Higher Education Assistance Agency, and shall contain a copy of the Step II and Step III decisions. The Secretary of Administration, Auditor General, State Treasurer, Executive Director, State Public School Building Authority, or Executive Director, Pennsylvania Higher Education Assistance Agency, or his designee, shall issue a decision in writing to the Union within 12 days after receipt of the appeal.

[2] Act of July 23, 1970, P.L. 563, *as amended*, repealed in part by Act of March 1, 1974, P.L. 125, 43 P.S. §1101.101 et seq.

of all the employes in such unit to bargain on wages, hours, terms and conditions of employment: Provided, That any individual employe or a group of employes shall have the right at any time to present grievances to their employer and to have them adjusted without the intervention of the bargaining representative as long as the adjustment is not inconsistent with the terms of a collective bargaining contract then in effect: And, provided further, That the bargaining representative has been given an opportunity to be present at such adjustment.

Section 903 of Act 195 provides that arbitration of grievances arising out of the interpretation of a collective bargaining agreement is mandatory. 43 P.S. §1101.903. AFSCME and the Commonwealth argue that the language in Step V of the Agreement gives the union, AFSCME, the exclusive right to pursue a grievance to arbitration. Step V[3] provides in pertinent part as follows:

[3] Step V. An appeal from an unfavorable decision at Step IV may be initiated by the Union serving upon the Employer a notice in writing of the intent to proceed to arbitration within seven days after the response from Step IV is due. Said notice shall identify the provisions of the Agreement, the department, the employe involved, and a copy of the grievance.

The arbitrator is to be selected by the parties jointly within seven days after the notice has been given. If the parties fail to agree on an arbitrator, either party may request the Bureau of Mediation to submit a list of seven possible arbitrators.

The parties shall within seven days of the receipt of said list meet for the purpose of selecting the arbitrator by alternately striking one name from the list until one name remains. The Employer shall strike the first name.

Each case shall be considered on its merits and the collective bargaining agreement shall constitute the basis upon which the decision shall be rendered. The decision at Steps

An appeal from an unfavorable decision at Step IV may be initiated by the Union serving upon the Employer a Notice in writing of the intent to proceed to arbitration. . . .

The arbitrator is to be selected by the parties jointly. . . .

We agree that the collective bargaining Agreement provides that only AFSCME, as the certified bargaining agent of the employees concerned, could process the grievances through to Step V where an Arbitrator comes into the picture. AFSCME and the Commonwealth argue, therefore, that only they, as the parties to the Arbitration, would have standing to appeal an Arbitrator's award.

While the statutory provision providing review of arbitration awards does not clearly specify who may take an appeal, we believe that the position of AFSCME and the Commonwealth here is correct.[4] We believe this is consistent with the purpose of Act

---

I, II, and III shall not be used as a precedent for any subsequent case.

The arbitrator shall neither add to, subtract from, nor modify the provisions of this Agreement. The arbitrator shall confine himself to the precise issue submitted for arbitration and shall have no authority to determine any other issues not so submitted to him.

The decision of the arbitrator shall be final and binding on both parties, except where the decision would require an enactment of legislation, in which case it shall be binding only if such legislation is enacted.

[4] Rule 703 of Rules of Appellate Procedure (effective July 1, 1976) presently governs reviews of arbitrators' awards regarding disputes between the Commonwealth and its employees. *Community College of Beaver County v. Society of the Faculty (PSEA/NEA)*, 473 Pa. 576, 375 A.2d 1267 (1977). However, a review of an arbitrator's award in the public employment sector would have been properly sought at the time of the instant award under Pa. R.J.A. No. 2101. Neither rule states specifically who has the right of appeal.

195 which is to promote an orderly and constructive relationship between public employers and their employees. We would also note that our Supreme Court in *Falsetti v. Local Union No. 2026*, 400 Pa. 145, 161 A.2d 882 (1960) held that a union-member employee cannot individually enforce seniority rights governed by a grievance procedure in a collective bargaining agreement between the employer and the union. *See Newspaper Guild of Greater Philadelphia v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 164 A.2d 215 (1960) and *Beebe v. Union Railroad Company*, 205 Pa. Superior Ct. 146, 208 A.2d 16 (1965). The Court in *Falsetti* in reaching this conclusion stated:

.A collective bargaining agreement, it is important to note, is simply a contract, and any rights and remedies the appellant possesses must be derived solely from the Agreement itself. . . .

We have carefully read the entire Agreement and can find no provision which authorizes appellant to enforce it. Although the seniority provisions relied upon inure directly for the benefit of the appellant-employee and do not exist simply to protect the interests of the Union, appellant's cause of action is precluded by a contractual grievance and arbitration procedure which, by its very terms, limits access thereto to the Union. The parties in drafting this Agreement provided for a simple, expeditious and inexpensive grievance procedure to be administered by persons intimately familiar therewith. The procedure outlined was designed not only to promote settlement, but also to foster more harmonious employer-employee and employer-union relations. . . .

To view this type of agreement otherwise would lead to chaos and a breakdown in the

entire scheme of collective bargaining for which the parties have provided and contracted. Instead of being able to rely on the disposition of employee grievances through the established machinery, the Company would face the constant threat of attempted individual enforcement through litigation. Union responsibility would be diminished and all parties would suffer. For these reasons, most, if not all, Union-management agreements of any magnitude in force throughout the Commonwealth are similarly drafted, with an eye toward reposing enforcement responsibility in the labor organization concerned.

As Judge Fuld of the New York Court of Appeals, concurring in a recent decision very similar to ours, concluded: '. . . absent specific language giving the employee the right to act on his own behalf, it is my conclusion that, under a collective bargaining agreement such as the one before us—which contains provision for the submission of unsettled disputes to arbitration—the union alone has a right to control the prosecution of discharge cases. (See Cox, Rights Under A Labor Agreement, 69 Harv. L. Rev. 601, 648-652.' Parker v. Borock, 5 N.Y. 2d 156, 159, 156 N.E. 2d 297, 300 (1959). With this approach we wholeheartedly concur. (Emphasis omitted.) (Footnote omitted.)

*Falsetti v. Local Union No. 2026, supra,* 400 Pa. at 167-70, 161 A.2d at 893-95.

Applying the same analysis, in holding that an individual employee had no absolute right to have his grievance arbitrated, our U. S. Supreme Court said in the landmark case of *Vaca v. Sipes:*

In providing for a grievance and arbitration procedure which gives the union discre-

tion to supervise the grievance machinery and to invoke arbitration, the employer and the union contemplate that each will endeavor in good faith to settle grievances short of arbitration. . . . And finally, the settlement process furthers the interest of the union as statutory agent and coauthor of the bargaining agreement in representing the employees in the enforcement of the agreement. . . .

If the individual employee could compel arbitration of his grievance regardless of its merit, the settlement machinery provided by the contract would be substantially undermined, thus destroying the employer's confidence in the union's authority and returning the individual grievant to the vagaries of independent and unsystematic negotiation.

386 U.S. 171, 191 (1967).

We recognize that the Public Employee Relations Act should not be strictly interpreted in the light of decisions which interpret employee labor relations law in the private sector, but such decisions may be instructive and looked to for guidance. *Borough of Wilkinsburg v. Sanitation Department,* 463 Pa. 521, 345 A.2d 641 (1975); *Pennsylvania Labor Relations Board v. State College Area School District,* 461 Pa. 494, 337 A.2d 262 (1975); *Robinson v. Abington Education Association,* 32 Pa. Commonwealth Ct. 563, 379 A.2d 1371 (1977). We believe, however, that giving the union the responsibility for processing a grievance with the employer before an Arbitrator which is characteristic of the law in the private sector, is equally applicable to public sector labor law.[5] The adjustment and settlement of grievances between a public

---

[5] As noted by this Court in *Donnellan v. Mt. Lebanon School District,* 32 Pa. Commonwealth Ct. 33, 39, 377 A.2d 1054, 1057 (1977):

employer and a union before an Arbitrator are intended to be binding upon both parties to the Agreement (*see* Step V in the Agreement), and we believe, therefore, that the Appellants who were not parties to the arbitration proceedings lack standing to appeal from the award made thereunder.

It should be noted that individual employees are not left without an effective remedy if their union fails to represent them as they desire .in an arbitration procedure. A union representing employees is obliged to represent the interest of all its members in good faith, in a reasonable manner without fraud and without discrimination, and any failure to perform this duty would constitute an unfair labor practice for which a member could hold the union responsible. *Vaca v. Sipes, supra; Robinson v. Abington Education Association, supra. See Falsetti v. Local Union No. 2026, supra,* 400 Pa. at 170-71, 161 A.2d at 894-95; *Beebe v. Union Railroad Company, supra.* There is, of course, no allegation here of any breach of duty of fair representation, but, if there were, exclusive jurisdiction regarding such a charge would lie with the Pennsylvania Labor Relations Board. *Robinson v. Abington Education Association, supra.* Because the appeal, therefore, must be quashed, we need not reach the merits of the case.

The Motion to Quash the instant appeal is granted.

---

The general federal rule is that complaints concerning matters which have been the subject of collective bargaining culminating in a collective bargaining agreement must be pursued by the grievance and arbitration procedures provided by the contract. Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965). The Supreme Court of Pennsylvania has held that by reason of Section 903 of [Act 195] PERA, this State's policy in favor of arbitration in the public sector is stronger than federal policy in the private. Board of Education v. Philadelphia Federation of Teachers Local No. 3, 464 Pa. 92, 346 A.2d 35 (1975).

608

AND Now, this 15th day of September, 1978, the Respondents' Motion to Quash the above-captioned appeal is granted and the appeal is dismissed.