566 A.2d 346

John W. KRENZELAK, Jr., Appellant,

v.

CANON–McMILLAN SCHOOL DISTRICT, Appellee.

Commonwealth Court of Pennsylvania.

Argued Oct. 3, 1989.

Decided Nov. 14, 1989.

Reargument Denied Jan. 24, 1990.

Petition for Allowance of Appeal Denied June 12, 1990.

Peter M. Suwak, Washington, for appellant.

R. Stanley Mitchel, with him, Richard DiSalle and Edmund M. Carney, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, Judge, and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

John W. Krenzelak (Appellant) petitioned the Court of Common Pleas of Washington County to vacate and/or modify an arbitration decision involving matters related to his employment with the Canon—McMillan School District (School District). The trial court, in an order dated January 23, 1989, granted a motion by the School District to quash Appellant's petition on grounds that he lacked standing to bring such an action. Having reviewed the record and applicable authority in this matter, we affirm.

Appellant is employed as a school bus driver by the School District and is a member of S.E.I.U., AFL–CIO Local 585 (Union). In December of 1986, the School District terminated Appellant's employment on grounds of alleged job abandonment and insubordination for his failure to provide appropriate medical excuses for absences from work. Appellant filed a grievance and followed the procedure set forth in the collective bargaining agreement (agreement) then in effect between the School District and the Union. After taking the initial three steps of this procedure without resolution of the dispute, the Union pursued the fourth step by submitting the grievance to arbitration.

Following a hearing, the arbitrator directed that Appellant's discharge be converted to a disciplinary suspension

without pay or contractual benefits, and further directed that he be reinstated by the School District. In an effort to receive back pay and benefits, Appellant petitioned the trial court to vacate and/or modify the arbitration award. However, both the School District and Union filed a motion to quash Appellant's appeal. They argued that, under the terms of the agreement, an appeal from an arbitration award must be initiated by the Union, and that an employee acting individually does not have standing to appeal an award. The trial court accepted this argument as correct and, accordingly, issued an order granting the motion to quash. Before us is a direct appeal from this order.

■ Article XIII, Section 2, Step 4 of the agreement contains the following language, "If the aggrieved Employee is not satisfied with the decision of the Superintendent ... the said Union may request arbitration under the provisions of the Public Employee Relations Act, 195." Appellant argues that he had standing initiate an action in the trial court because the agreement specifically incorporates the provisions of the Public Employe Relations Act (PERA)[1]. Appellant points out that the language in Section 606 of PERA provides in pertinent part:

> That any individual employe or a group of employes shall have the right at any time to present grievances to their employer and to have them adjusted without the intervention of the bargaining representative as long as the adjustment is not inconsistent with the terms of a collective bargaining contract then in effect ...

43 P.S. § 1101.606. In response, the School District contends that the language of the agreement clearly vests the Union with exclusive authority to submit a grievance to arbitration, and thus it is the Union which has standing to bring an appeal from an arbitration decision. The trial court examined the terms of the agreement and concluded that the School District's position was correct.

1. Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §§ 1101.101–1101.2201.

Neither the language of the agreement, nor the provisions of PERA, clearly specify who may take an appeal from an arbitration award. In *McCluskey v. Department of Transportation*, 37 Pa.Commonwealth Ct. 598, 391 A.2d 45 (1978), a case involving a similar situation, we ruled that the employer and union are the only parties with standing to appeal an arbitrator's award where they are the only parties to the arbitration. Here, the Union submitted Appellant's grievance to arbitration. The Union and School District were the parties at the arbitration proceeding. We believe that the reasoning of *McCluskey* applies to the situation here [2], and conclude that, since the agreement does not specify who may appeal an arbitration decision, and since Appellant was not a party in the arbitration proceedings, Appellant does not have standing to appeal the arbitrator's decision in this case.

Appellant also asserts that the Union breached its duty of fair representation in its handling of his claim at arbitration, and proposes that an alleged breach of duty by the Union should confer standing on an individual employee to appeal an adverse decision of an arbitrator. It appears that this question is one which has not been directly addressed by a Pennsylvania appellate court, and Appellant acknowledges this in raising the issue.

As the School District points out, Appellant's allegation that the Union breached its duty of fair representation is unsubstantiated, particularly in light of the fact that Appellant's reinstatement resulted from the Union submitting his grievance to arbitration. Furthermore, if the allegation proved to be true, we do not believe that the remedy Appellant seeks is appropriate under these circumstances. A review of existing case law leads us to conclude that an employee who believes a union has breached its duty of fair representation must file an independent action against the union seeking damages, joining the employer as a party if

---

2. We also point out that *McCluskey* was cited with approval for this same proposition by our Supreme Court in *Official Court Reporters v. Pennsylvania Labor Relations Board*, 502 Pa. 518, 467 A.2d 311 (1983).

necessary to facilitate a meaningful remedy. *See Martino v. Transport Workers' Union of Philadelphia,* 505 Pa. 391, 480 A.2d 242 (1984); *Ziccardi v. Department of General Services,* 500 Pa. 326, 456 A.2d 979 (1982)[3].

We find that the trial court was correct in its conclusion that Appellant lacked standing, acting individually, to appeal the decision of the arbitrator in this matter. Therefore, its order, granting the District's motion to quash Appellant's action, is affirmed.

## ORDER

NOW, November 14, 1989, the order of the trial court, granting a motion to quash Appellant's action, is affirmed.

**3.** We note that the trial court opinion, in addressing this issue, relied on our ruling in *Ziccardi,* 50 Pa.Commonwealth Ct. 367, 413 A.2d 9 (1980), which held that a claim of unfair representation against a union was an unfair labor practice under PERA. This ruling was subsequently reversed by our Supreme Court in its *Ziccardi* decision, cited above. However, the trial court's misplaced reliance on our *Ziccardi* decision does not affect the correctness of the result reached by the trial court.