AFSCME, COUNCIL 15, LOCAL 1159, ET AL. *v.*
CITY OF BRIDGEPORT
(7847)

DUPONT, C. J., BORDEN and FOTI, Js.

Submitted on briefs November 9, 1989—decision released March 13, 1990

---

*Gary A. Mastronardi* filed a brief for the appellant (plaintiff Rudolph P. Kurowski).

*Thomas K. Jackson,* associate city attorney, filed a brief for the appellee (defendant).

PER CURIAM. The plaintiff Rudolph P. Kurowski[1] appeals from the judgment rendered denying his application to vacate an arbitration award and granting the defendant's application for an order confirming the award. Kurowski claims that the trial court erred in confirming the arbitration award. We find no error.

---

[1] The plaintiffs are AFSCME, Council 15, Local 1159, and Rudolph P. Kurowski. The appeal is brought by Rudolph P. Kurowski only.

The question of Kurowski's standing to appeal was raised by this court, and at our request the parties filed simultaneous briefs addressed to the issue of whether the collective bargaining agreement between AFSCME, Council 15, Local 1159, and the city of Bridgeport provided for a personal right of the employee to seek arbitration. See *Flynn* v. *Newington,* 2 Conn. App. 230, 477 A.2d 1028, cert. denied, 194 Conn. 804, 482 A.2d 709 (1984); *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984).

We conclude that the plaintiff has standing to seek to vacate the arbitral decision at issue. Section (7) of the pension certificate, which is part of the pension agreement, provides: "In the event *you and/or your dependents* do not receive the benefits promised and guaranteed by this pension certificate, *you and/or your dependents* may: . . . (b) Initiate the grievance and arbitration procedure of the applicable collective bargaining agreement between the City of Bridgeport and Bridgeport Police Local 1159." (Emphasis added.)

The collective bargaining agreement was incorporated into and made part of the pension agreement. Thus, each individual covered by the pension agreement maintained a personal right to the grievance and arbitration procedures of the collective bargaining agreement.

The trial court, in a well reasoned memorandum of decision, found the following facts. The arbitration proceedings in question arose pursuant to a pension agreement between the defendant and the plaintiff union, the collective bargaining agent for Kurowski, a police officer. On July 13, 1982, Kurowski's application for a disability pension under § 2E of the pension agreement[2] was denied by the board of police commissioners.

On November 5, 1982, in a separate proceeding, the workers' compensation commissioner for the fourth district issued a finding and award in favor of Kurowski pursuant to General Statutes § 7-433c for temporary total disability benefits from April 13, 1981, to November 30, 1981. The commissioner further noted that medical examinations of the plaintiff revealed that in May, 1982, he had essential hypertension and should not return to police duties. On November 20, 1987, after a hearing de novo, the board of arbitration and mediation again denied Kurowski's application for a disability, finding that there was no credible evidence that he was disabled from the performance of his police duties.

At the heart of Kurowski's appeal is his assertion that the arbitrator exceeded his authority when he denied Kurowski's application for disability benefits (1) by failing to follow the dictates of General Statutes § 7-433c, and (2) by violating the doctrine of collateral estoppel in light of the workers' compensation commissioner's award. These claims do not, however, provide a proper foundation to support Kurowski's challenge of the arbitrator's authority.

---

[2] Section 2E of the pension agreement provides in relevant part that an employee is entitled to retirement benefits if he "shall have become permanently disabled for the performance of his duties by reason of mental or physical disability resulting from injury received or exposure endured in the performance of his duty . . . ."

The court's scope of review of an arbitrator's power to make an award is limited. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 583, 440 A.2d 774 (1981). "Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. . . . The parties themselves, by an agreement of the submission, define the powers of the arbitrator. . . . The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission." (Citations omitted.) Id., 583–84.

The issue submitted to the arbitration panel here was: "Did the Board of Police Commissioners of the City of Bridgeport err in denying pension benefits to Officer Rudolph Kurowski? If so, what shall the remedy be?" The trial court ruled that the award conformed to the submission and that even if the arbitrators committed errors of law, such errors are not reviewable. We agree.

"Unless the submission provides otherwise, an arbitrator has authority to decide factual and legal questions, and courts will not review the evidence, or, where the submission is unrestricted, the arbitrator's determination of legal questions." *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* 203 Conn. 133, 153–54, 523 A.2d 1271 (1987).

Here, the submission contained no conditional language restricting the powers of the arbitrator, and it must therefore be classified as an unrestricted submis-

sion. Id. This classification left the arbitrator to determine the legal questions. Since the award here conformed to the submission, the plaintiff's claim that the arbitrator exceeded his powers is without merit.

There is no error.