[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Griffin Hospital, has filed this application to vacate an arbitration award issued pursuant to the collective bargaining agreement between Griffin Hospital and the defendant, Teamsters Local Union No. 677.
The parties agree that on March 14, 1994, Robert Kacinski, a maintenance employee of the hospital, filed a grievance alleging that the collective bargaining agreement had been violated by the "awarding of a new job classification and pay increase to a less senior employee over a senior bargaining unit employee." The grievance "sought appointment as second shift charge person with a 10% increase set out for the job, and requests retroactive pay for monies lost."
The plaintiff denied the grievance on the grounds that the position posted was not a "job vacancy" within the meaning of the CT Page 1326-F collective bargaining agreement and therefore the hospital was not obligated to post the position and thus the seniority rules did not apply.
The parties agreed to the following submission: "Did the hospital violate section 3 (of the seniority provision) of the contract in regard to the grievant, Robert Kacinski? If so, what shall the remedy be?"
The arbitrator found that the hospital did violate the seniority provision of the collective bargaining agreement and awarded the position of Charge Person to the grievant, and ordered that he be made whole for losses sustained to him from the date that such position was awarded to another employee to the date that the grievant is placed in the position of Charge Person for the second shift.
The plaintiff moves to vacate the award pursuant to Connecticut General Statutes § 52-418(a)(4), which requires that an arbitration award be vacated by the court "if the arbitrators have exceeded their powers or so imperfectly executed them that a CT Page 1326-G mutual, final and definite award upon the subject matter submitted was not made."
Section 5 of the Arbitration provision of the collective bargaining agreement provides; "The arbitrator shall have jurisdiction only over disputes concerning grievances as herein defined in this contract, and shall have no power or authority to add to, subtract from or modify in any way the terms of this Agreement."
Specifically, the plaintiff claims that the arbitrator exceeded his authority by modifying the terms of the Agreement by placing upon the Hospital the burden of proving that the grievant did not have the necessary or demonstrated skill, ability and physical fitness to perform the job in a satisfactory manner, when the burden should have been on the grievant to show that the hospital's decision in that regard was unreasonable. Further, the hospital claims that the remedy afforded by the arbitrator was outside of his authority and that he should have ordered that the position be re-posted.
"The court's scope of review of an arbitrator's power to make CT Page 1326-H an award is limited." AFSCME v. Bridgeport, 21 Conn. App. 28, 31
(1990). Arbitration is a creature of contract between the parties and its autonomy requires a minimum of judicial intrusion . . . The parties themselves, by an agreement of the submission, define the powers of the arbitrator . . . The submission constitutes of the entire arbitration proceedings and defines and limits the issues to be decided . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits . . . An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission." (Citations omitted) Bic PenCorporation v. Local No. 134, 183 Conn. 579, 583-84 (1981).
In the court's view, the claim that the arbitrator improperly placed the burden upon the hospital as to the grievant's ability to perform the job in a satisfactory manner, is, in effect, a claim that the arbitrator misapplied the law in this regard. Unless the submission provides otherwise, an arbitrator has authority to decide factual and legal questions, and courts will not review the CT Page 1326-I evidence, or where the submission is unrestricted, the arbitrator's determination of legal questions." O G/O'Connell Joint Venture v.Chase Family Limited Partnership No. 3, 203 Conn. 133, 153-54
(1987).
Here, the submission was unrestricted and therefore left the legal questions to be determined by the arbitration.
The submission was also unrestricted as to the remedy. The court finds no support in the cited provisions of the collective bargaining agreement for the defendant's claim that the submission was restricted thereby, even if an unrestricted submission is, as a matter of law implicitly restricted by such provisions.
The court finds that the submission is within the scope of the collective bargaining agreement and that the arbitrator's award conformed to the submission.
Therefore, the application to vacate the award is denied and the defendant's application to confirm the award (filed by way of counterclaim) is granted. CT Page 1326-J
THOMPSON, J.