791 A.2d 1169

**John A. KOZURA, Appellant,**

v.

**TULPEHOCKEN AREA SCHOOL DISTRICT and Tulpehocken Education Association, Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 14, 2001.

Decided March 21, 2002.

Maryann Q. Modesti, Lafayette Hill, for John A. Kozura.

Stephen Howard Price, Reading, for Tulpehocken Area School Dist.

A. Martin Herring, Philadelphia, for Pennsylvania State Educ. Ass'n.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN AND SAYLOR, JJ.

### OPINION

SAYLOR, Justice.

In this appeal, we consider the capacity of an aggrieved employee to challenge an arbitration award in general, and in light of specific grievance and arbitration procedures established under a particular, public-sector collective bargaining agreement.

Based upon complaints regarding his teaching style, Appellant John A. Kozura ("Kozura") was suspended without pay from his position as a math and science teacher in the Tulpehocken Area School District ("District"). When Kozura's employment was terminated following notice and a hearing, the Tulpehocken Education Association (the "Association"), the union representing Kozura, invoked Article XIX of the governing collective bargaining agreement to file a grievance on Kozura's behalf and to request reinstatement and an award of back pay and corresponding benefits.[1] Because the Association and the District were unable to resolve the grievance, the

1. As will be discussed *infra,* Article XIX of the collective bargaining agreement establishes a four-step grievance procedure that begins with filing a grievance with the employer and concludes with submitting the dispute to arbitration. In delineating these steps, the agreement states that it is the employee who shall pursue each step and, further, that the "[e]mployee(s) and the School District may be represented at the arbitration by counsel and the [e]mployee(s) by a representative of the Association." In addition, the agreement provides that the employee may be "represented at any and all steps of this procedure by a person of their [sic] choice," but that the Association has the right to be present if it is not chosen as the employee's representative. As noted, Kozura chose to be represented by the Association throughout the grievance process.

matter ultimately was presented to an arbitrator, who conducted hearings and issued an award reinstating Kozura based upon a determination that just cause for discharge did not exist. The arbitrator denied the claim for back pay and benefits, however, concluding that Kozura's classroom conduct warranted strong discipline in the form of a suspension without pay.[2] Kozura made a request to the Association to file an appeal from the arbitration award, which the Association denied, initially advising Kozura that he could pursue an appeal himself or through counsel, but subsequently notifying Kozura that he had been misinformed regarding his ability to appeal. At this point, the Association expressed a belief that only it could appeal the arbitration award.

Kozura nevertheless filed a petition for review in the common pleas court challenging some of the arbitrator's findings of fact, as well as his conclusion that the suspension without pay was appropriate. The District responded with a motion to quash the appeal, arguing that Kozura lacked standing to challenge the arbitration award, as he was not a party to the arbitration proceedings. Following the submission of stipulated facts and arguments, the common pleas court granted the District's motion to quash. The common pleas court acknowledged that, as Kozura argued, Section 606 of the Public Employee Relations Act,[3] 43 P.S. § 1101.606, afforded individual employees the right to present grievances to their employer and to have such grievances adjusted without their bargaining representative's intervention, as long as the bargaining representative was allowed to be present at such adjustment, but determined that the statute did not specify whether the employee could also appeal, on his own, an adverse arbitration award. In the present case, the common

2. The caption of the arbitrator's opinion and award reads "Tulpehocken School District and [not "vs."] Tulpehocken Education Association," and refers to the matter at issue as "Grievance: John A. Kozura Discharge." In light of the terms and provisions of the collective bargaining agreement, discussed below, we do not deem the styling of the caption to be dispositive of the issues presented here.

3. Act of July 23, 1970, P.L. 563, as amended 43 P.S. §§ 1101.101– 1101.2301 ("PERA").

pleas court concluded, allowing Kozura to do so would conflict with the relevant collective bargaining agreement, since, in the common pleas court's interpretation, that agreement vested in the Association the exclusive right to pursue arbitration. Accordingly, the common pleas court explained, the Association and the District were the sole parties to the arbitration proceeding, and Kozura therefore lacked standing to appeal.

Affirming, the Commonwealth Court first observed that, contrary to the common pleas court's conclusion, the collective bargaining agreement did not vest in the Association an exclusive right to pursue arbitration. *See Kozura v. Tulpehocken Area Sch. Dist.,* 765 A.2d 424, 426 (Pa.Cmwlth.2000).[4] Nevertheless, noting that the settlement mechanism provided by the contractual grievance procedure would be jeopardized if individual employees were allowed to circumvent a union's final decision regarding the resolution of a particular dispute, *see McCluskey v. Commonwealth, Dep't of Transp.,* 37 Pa. Cmwlth. 598, 606, 391 A.2d 45, 49 (1978), *disapproved on other grounds, Official Court Reporters of the Court of Common Pleas of Phila. County v. PLRB,* 502 Pa. 518, 536 n. 17, 467 A.2d 311, 320 n. 17 (1983)(plurality),[5] the Commonwealth Court concluded that an individual employee who was not a party to the arbitration proceeding is precluded from appealing the resulting arbitration award where, as here, the collective bargaining agreement does not specify who may pursue such an appeal. *See Kozura,* 765 A.2d at 426 (citing *Krenzelak v. Canon–McMillan Sch. Dist.,* 129 Pa.Cmwlth. 490, 493, 566 A.2d 346, 347–48 (1989), *appeal denied,* 525 Pa. 622, 577 A.2d 892 (1990)). While the collective bargaining agreement may confer upon employees the right to reject union representation throughout the four-step grievance procedure, the court observed, it does not authorize them to do so after an arbitra-

4. Notably, the common pleas court expressed the same conclusion in its opinion pursuant to Pa.R.A.P.1925(a), concluding that Kozura's petition for review should nevertheless be quashed for reasons substantially the same as those subsequently advanced by the Commonwealth Court.

5. While disapproving a portion of the Commonwealth Court's reasoning in *McCluskey,* this Court did cite *McCluskey* for the proposition that bargaining unit members do not have a right to appeal an arbitration award. *See Official Court Reporters,* 502 Pa. at 536, 467 A.2d at 320.

tion award has been issued. *See Kozura,* 765 A.2d at 426. This Court subsequently allowed appeal to address the capacity of an individual employee to challenge a grievance arbitration award.[6]

The General Assembly has clearly favored the use of non-judicial dispute resolution mechanisms with respect to employment disputes, for example, in mandating arbitration of unresolved grievances in the public sector. *See* 43 P.S. § 1101.903; *State System of Higher Educ. Cheyney Univ. v. State College Univ. Prof'l Ass'n (PSEA–NEA),* 560 Pa. 135, 143, 743 A.2d 405, 409–10 (1999); *Martino v. Transport Workers' Union of Phila., Local 234,* 505 Pa. 391, 405–06, 480 A.2d 242, 249–50 (1984); *Board of Educ. of Phila. v. Philadelphia Fed'n of Teachers Local No. 3,* 464 Pa. 92, 100, 346 A.2d 35, 39 (1975). In doing so, the Legislature has emphasized informality and finality; thus, grievance and arbitration procedures are employed to establish simple, expeditious, and inexpensive means for resolving labor disputes, *see Falsetti v. Local Union No.2026, United Mine Workers of Am.,* 400 Pa. 145, 168–70, 161 A.2d 882, 893–94 (1960), which, of course, facilitates the smooth and efficient functioning of government.

Under PERA, procedures for resolution of disputes arising out of a collective bargaining agreement are a proper

**6.** The parties, and the Commonwealth Court decisions upon which they rely, characterize the question before us as one of standing. Such a characterization has also been utilized by numerous federal decisions to conclude that, under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, an individual employee may not appeal or seek confirmation of an arbitration award. *See, e.g., Katir v. Columbia Univ.,* 15 F.3d 23, 25 (2d Cir.1994); *Martin v. Youngstown Sheet & Tube Co.,* 911 F.2d 1239, 1244 (7th Cir.1990); *Thoele v. United States Postal Serv.,* 996 F.Supp. 818, 820 (N.D.Ill.1998); *Luttrell v. Runyon,* 3 F.Supp.2d 1181, 1193 (D.Kan.1998); *Vance v. Lobdell-Emery Manuf. Co.,* 932 F.Supp. 1130 (S.D.Ind.1996). The test for standing, however, is usually stated as whether the plaintiff has a direct, substantial, and immediate interest in the subject matter of the litigation, *see generally William Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975), and the notion that a plaintiff has such an interest in matters affecting his or her employment seems self-evident. Thus, while the term "standing" may serve as a useful shorthand in these cases, the traditional standing paradigm is inadequate to the task of resolving the matter at issue.

subject of bargaining, *see* 43 P.S. § 1101.903, and, apparently, many collective bargaining agreements establish a substantial degree of control in the union over the pursuit of individual grievances. As explained by one commentator:

> Under some agreements the [dispute resolution] procedure is entirely controlled by the union; under others an employee may initiate the process by filing his grievance or appeal from the first step. But under virtually all agreements, at some point, the union alone decides whether an employee's grievance will be appealed or abandoned. If the union decided not to appeal from management's decision at any step, the matter is considered settled on the basis of the decision last made.

William L. Venton, 5 AM.JUR. PROOF OF FACTS 2d 65 § 4 (Supp.2001). *Accord Falsetti*, 400 Pa. at 168–70, 161 A.2d at 893–94; *see also Ziccardi v. Commonwealth, Dep't of Gen. Services*, 500 Pa. 326, 332, 456 A.2d 979, 982 (1982). In harmony with salient legislative policies as well as the practice of most other jurisdictions, Pennsylvania courts are deferential to limitations imposed by a collective bargaining agreement upon attempts by union members to undertake individual enforcement efforts. *See generally Official Court Reporters*, 502 Pa. at 536, 467 A.2d at 320 (characterizing collective bargaining as "a representative process which eliminates the individual employee's right to represent himself in the bargaining process"). The promotion of the integrity of the collective bargaining process and the resultant agreement also weighs against allowing an individual employee to seek arbitration or appeal an arbitration award where the terms of the collective bargaining agreement vest the authority to undertake such actions exclusively in the bargaining representative.[7]

7. *See, e.g., Krenzelak*, 129 Pa.Cmwlth. at 493–94, 566 A.2d at 347–48 (concluding that, as the collective bargaining agreement provided that only the union, and not the individual employee, could request arbitration, the union and the employer were the sole parties to arbitration, and therefore only they could appeal an adverse award); *McCluskey*, 37 Pa.Cmwlth. at 606, 391 A.2d at 49–50 (same); *see also Vaca v. Sipes*, 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967) (explaining that an individual employee may not compel arbitration of his grievance where the right to do so is vested only in the bargaining represen-

In such circumstances, the employee's direct interests are generally vindicated primarily through enforcement of the union's duty to provide fair representation. *See Martino*, 505 Pa. at 394, 480 A.2d at 243; *Ziccardi*, 500 Pa. at 329–30, 456 A.2d at 981; *Falsetti*, 400 Pa. at 171–72, 161 A.2d at 895–96.

■ Arguably in some tension with the principles and concerns just discussed is the fundamental principle that a collective bargaining agreement constitutes a contract. *See Community College of Beaver County v. Community College of Beaver County, Soc'y of the Faculty*, 473 Pa. 576, 595, 375 A.2d 1267, 1276 (1977); *Falsetti*, 400 Pa. at 167, 161 A.2d at 893. Accordingly, any rights and remedies possessed by the union and the employer, as parties to the agreement, and by the employee, as a third-party beneficiary thereof, ultimately derive primarily from the language of the agreement itself. *See Falsetti*, 400 Pa. at 167, 161 A.2d at 893. Provided that the provisions of a collective bargaining agreement do not violate or conflict with a statute or home rule charter, *see* 43 P.S. § 1101.702, the rights and remedies delineated by the parties to a specific agreement, including those pertaining to the capacity *vel non* of an individual employee to appeal, must be respected.

Here, Kozura contends that the collective bargaining agreement between the District and the Association is unusual in that it specifically authorizes the individual employee to pursue grievances in his own right, to refer unresolved grievances to arbitration, and, as a necessary consequence of those authorizations, to appeal from an adverse award. In this regard, Part A of Article XIX ("Grievance and Arbitration Process")

tative); *see also Stahulak v. City of Chicago*, 291 Ill.App.3d 824, 225 Ill.Dec. 916, 684 N.E.2d 907, 912 (1997) ("Allowing individual unionized employees to collaterally attack their union's resolution of a grievance (including acquiescence in an arbitration award) without showing that the union … breached its duty of fair representation would substantially undermine the settlement machinery provided by a [collective bargaining agreement,] destroy the public employer's confidence in the union's authority, and ultimately return employees to the vagaries of independent, unsystematic negotiation"), *aff'd*, 184 Ill.2d 176, 234 Ill.Dec. 432, 703 N.E.2d 44 (1998).

of the agreement describes the procedure for processing employee grievances as follows:

*STEP ONE:* The Employee(s) shall submit the grievance in writing to his/her Principal. . . .

*STEP TWO:* If the grievance is not resolved in Step One, the Employee(s) shall . . . submit the grievance to the Chief School Administrator in writing. . . .

*STEP THREE:* If the grievance is not resolved in Step Two the Employee(s) shall proceed as follows:

1. The employee(s) shall make a written request . . . to the Chief School Administrator to set up a hearing before the Personnel Committee of the School Board.

\* \* \*

*STEP FOUR:* If the grievance has not been settled in Step Three, it may be referred to arbitration by the Employee(s). . . . In order to refer the matter to arbitration, the Employee(s) shall give written notice to the Chief School Administrator that he/she requests arbitration. . . . The Employee(s) and School District may be represented at the arbitration by counsel and the Employee(s) by a representative of the Association.

Thus, Kozura is correct that, under this particular agreement, it is the employee, not the Association, who initiates each step of the grievance procedure, including referral to arbitration.

Nevertheless, the question of who is authorized to appeal from an arbitration award is not explicitly answered by the agreement in question or by the PERA.[8] Kozura infers from Part A of Article XIX that the employee may do so, and certainly logic recommends such a course where the employee has chosen to proceed to that point without union representation. Kozura elected to accept union representation, however, and the District contends that by doing so, he not only waived any right he may have had to proceed on his own, but also

8. The principle that a contractual ambiguity is to be construed against the drafter does not apply where, as here, the contract is the result of the joint efforts of negotiators. *See Spatz v. Nascone,* 368 F.Supp. 352, 354 (W.D.Pa.1973).

brought the case within the rule, illustrated in *McCluskey* and *Krenzelak*, that, where the union presents the employee's case to the arbitrator, it is the union and not the employee who is a party to the arbitration and consequently possesses the right to appeal.[9]

■ Significantly, Article XIX includes several references to the concept of representation. As previously noted, the fourth step of the grievance procedure provides that "[t]he employee(s) and School District may be represented at the arbitration by counsel and the Employee(s) by a representative of the Association." In addition, the general principles stated in Section B include the following:

10. An Employee may be represented at any and all steps of this procedure by a person of their choice.

11. When an Employee does not want to be represented by the Association, the Association shall have the right to be present.

Thus, the agreement, read as a whole, appears to place the various forms of "representation" on the same plane: under this particular agreement, an employee's representation by the Association is no more or less determinative of his right to appeal an arbitration award than would be his representation by an attorney or "a person of [his] choice." Because, on the record presented it appears that the Association assumed a representative capacity on such terms, we see no grounds to conclude, as urged by the District, that Kozura thereby waived his right to choose a different representative (himself) to

---

**9.** The Association has not filed an appellate brief. Its *amicus*, the Pennsylvania State Education Association ("PSEA"), however, argues that, in accepting union representation, Kozura expressly agreed to reposit decision-making authority over the course of the dispute resolution proceedings exclusively in the Association. In this regard, PSEA attached to its brief a letter from the Association's attorney to Kozura establishing the union's representation on such terms.

It would appear that such letter, had it been offered into evidence by the District, might have had a material bearing on the issue before the common pleas court. However, as Kozura emphasizes in a motion to quash this portion of PSEA's submission, such correspondence was never made part of the original record in this case, and hence, it cannot be considered here.

pursue his appeal.[10] Moreover, in light of the contractual language that affords the Association representative status solely at the employee's behest, we can discern no basis of record for depriving Kozura of his ability to reject union representation when faced with an adverse arbitration that the Association had no intention of appealing. *Cf. AFSCME, Council 15 v. City of Bridgeport*, 21 Conn.App. 28, 571 A.2d 127, 128 n. 1 (1990) (holding that an employee may appeal an arbitration award where the collective bargaining agreement gives employees the personal right to seek arbitration); *Diaz v. Pilgrim State Psychiatric Ctr.*, 62 N.Y.2d 693, 476 N.Y.S.2d 525, 465 N.E.2d 32 (1997)(same).

The order of the Commonwealth Court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Former Chief Justice FLAHERTY did not participate in the decision of this case.

**10.** Notably, Article XIX(B)(7) allows the Association to submit grievances where they affect a group or class of employees. In those instances, the Association could be viewed as the party having an interest in enforcing the provision of the agreement to which it was a signatory.